UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CAREY FRALIX, | ) |
| Petitioner, | ) |
| v. | ) No. 1:23-CV-176-DCLC-CHS |
| ATTORNEY GENERAL FOR THE STATE OF TENNESSEE and SHAWN PHILLIPS, | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The Court is in receipt of a prisoner's pro se petition for habeas corpus relief under § 2254 in which Petitioner, a state prisoner in the custody of the Tennessee Department of Correction ("TDOC"), claims that he has been held past his sentence expiration date [Doc. 1]. Petitioner has paid the filing fee. As it is apparent from the face of the petition that Petitioner has failed to exhaust his available state court remedies for his claim, the Court will **DISMISS** the petition without prejudice.

Before a federal court may grant habeas corpus relief to a state prisoner, the prisoner must have exhausted the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" a federal claim to the state courts to allow the state courts a "fair opportunity" to apply controlling legal principles to the facts bearing upon that claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of

the State's established appellate review process" before seeking federal habeas corpus relief. *O'Sullivan*, 526 U.S. at 845.

In Tennessee, a prisoner may present a claim challenging the calculation of his post-judgment sentence reduction credits, his sentence expiration date, or his release eligibility date through "the procedures of the Uniform Administrative Procedures Act (UAPA)." *Murphy v. Dep't of Corr.*, No. 3:19-CV-00487, 2019 WL 4167343, at *2 (M.D. Tenn. Sept. 3, 2019) (citations omitted). The UAPA requires a prisoner to first "seek a declaratory order regarding the sentence calculation from [the TDOC]." *Id.* (citations omitted)). If the TDOC declines to issue the declaratory judgment, the prisoner may seek a declaratory judgment from "the chancery court and may appeal the chancery court's adverse decision to the Tennessee Court of Appeals." *Id.* (citations omitted).

A district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that a petitioner has not presented a habeas corpus claim to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Shah v. Quintana,* No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (providing that "a sua sponte dismissal. . . may be appropriate where a petitioner's failure to exhaust is apparent from the face of the pleading itself).

As set forth above, Petitioner seeks habeas corpus relief under § 2254 based his assertion that he has been held past his sentence expiration date. But it is apparent from the face of the petition that Petitioner has not presented this claim to the Tennessee Court of Appeals, despite the availability of this remedy. As such, Petitioner's petition for habeas corpus relief will be **DISMISSED without prejudice**.

Now the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus

case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects a habeas corpus petition on a procedural basis, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's procedural ruling that Petitioner has not exhausted his state court remedies for his claim challenging the calculation of his sentence, a COA will not issue.

Accordingly, for the reasons set forth above:

1. The petition for habeas corpus relief under § 2254 will be **DISMISSED without prejudice**;

2. A COA will not issue; and

3. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

                                        s/Clifton L. Corker
                                        United States District Judge

3

Case 1:23-cv-00176-DCLC-CHS   Document 4   Filed 08/25/23   Page 3 of 3   PageID #: 30